Chen v. Holder

BIA
A094 921 504

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of March, two thousand thirteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

YAN HUA CHEN,
> *Petitioner,*

v.                                        11-5322
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Yan Hua Chen, New York, N.Y.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant
                     Attorney General; Mary Jane Candaux,
                     Assistant Director; Aimee J.
                     Carmichael, Trial Attorney, Office
                     of Immigration Litigation, United
                     States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yan Hua Chen, a native and citizen of China, seeks review of a November 22, 2011, decision of the BIA denying her motion to reopen her removal proceedings. *In re Yan Hua Chen*, No. A094 921 504 (B.I.A. Nov. 22, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). The agency may properly deny a motion to reopen where the movant fails to establish a *prima facie* case for the underlying substantive relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

In her motion filed with the BIA, Chen timely sought reopening on the basis of her conversion to Christianity in the United States. However, the BIA reasonably determined that Chen failed to demonstrate her *prima facie* eligibility for asylum, withholding of removal, and relief under the Convention Against Torture. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (recognizing that an

2

alien's "ability to secure reopening depends on a demonstration of *prima facie* eligibility for [relief], which means she must show a 'realistic chance' that she will be able to obtain such relief" (citations omitted)).

Contrary to Chen's assertion, the BIA did not abuse its discretion in finding that her country conditions evidence – describing treatment of underground church members in Beijing – did not support her claimed fear of persecution and torture in her home province of Fujian, in light of local variations in the treatment of Christians in China. *See Jian Hui Shao*, 546 F.3d at 142-43, 149 (finding no error in the BIA's evidentiary framework requiring an applicant to demonstrate that enforcement of the family planning policy is carried out in his local area in a manner that would give rise to a well-founded fear of persecution because of local variations in the enforcement of that policy).

The BIA also did not err in its consideration of Chen's individualized evidence, which it reasonably concluded was speculative and insufficient to establish her *prima facie* eligibility for relief. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). As the BIA reasonably determined, Chen's individualized evidence was

3

insufficient because: (1) her affidavit was vague regarding her practice of Christianity and was not based on personal knowledge regarding the treatment of Christians in China; (2) the affidavit from Chen's roommate, who was not a fellow congregate, merely recounted what Chen had told him about her church activities; and (3) Chen's pastors' letter was unsworn and only attested to her church attendance for a period of less than two months. *See id.; Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that absent "solid support in the record" a fear of persecution is "speculative at best").  Chen's suggestion that the BIA's consideration of her evidence constituted impermissible fact-finding is misplaced, as we have recognized that the BIA will engage in fact-finding when evaluating evidence submitted in support of reopening.  *See, e.g., Jian Hui Shao*, 546 F.3d at 168; *Li Yong Cao v. Dep't of Justice*, 421 F.3d 149, 151, 156 (2d Cir. 2005).

Lastly, notwithstanding Chen's assertion to the contrary, the BIA reasonably noted her failure to present evidence showing that authorities in China were, or would likely become, aware of her religious activities in the United States.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

4

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk